# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHNNYLEE BURK,

    Defendant.

Case No. 3:15-cr-00088-SLG-3

## ORDER RE SECTION 2255 PETITION

Before the Court is Defendant Johnnylee Burk's Motion to Vacate, Set Aside or Correct Convictions and Sentence Pursuant to 28 U.S.C. § 2255 at Docket 216; Amended Motion to Vacate, Set Aside or Correct Convictions and Sentence Pursuant to 28 U.S.C. § 2255 at Docket 235; and Motion to Take Notice of Filed Motions at Docket 240. The Government responded to Mr. Burk's Amended Motion to Vacate at Docket 239.

## BACKGROUND

On October 21, 2015, Mr. Burk was indicted for Count 1, Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1); Count 2, Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1); Count 3, Possession of Firearms in Furtherance of Drug Trafficking Crimes in violation of 18 U.S.C. § 924(c)(1)(A); and Count 4, Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).[1]

The parties entered into a Plea Agreement pursuant to Federal Rule of Criminal

---

[1] Docket 208 (PSR) at 3.

Procedure 11(c)(1)(A) and (B), in which Mr. Burk pled guilty to Count 1, Drug Conspiracy.[2] The Government agreed not to prosecute Mr. Burk for any other offense.[3] Mr. Burk waived his right to appeal the conviction and all rights to collaterally attack the sentence, terms of probation, or supervised release except for alleging ineffective assistance of counsel or the voluntariness of his plea.[4] In the Plea Agreement, the parties agreed to recommend a sentence of 60 months' imprisonment and a term of supervised release of two years.[5]

At the change of plea hearing, the parties acknowledged an error in the Plea Agreement regarding the statutory term of supervised release for the drug conspiracy charge.[6] The Plea Agreement stated the statutory term was a mandatory minimum of two years and a maximum of life.[7] Counsel for Mr. Burk initially stated that he believed that two years was the maximum term allowable for supervised release.[8] The Government attorney was uncertain as to the permissible statutory range.[9] The Court then took a recess so that the lawyers could research the issue. Thereafter, both lawyers agreed that correct statutory term of supervised release was a mandatory minimum of

---

[2] Docket 172 (Plea Agreement) at 2–3.

[3] Docket 172 at 2.

[4] Docket 172 at 13.

[5] Docket 172 at 10.

[6] Docket 221 (Change of Plea Tr.) at 14.

[7] Docket 172 at 6.

[8] See Docket 221 at 11.

[9] *Id.* at 12.

two years up to a maximum of three years.[10]

## DISCUSSION

Mr. Burk is self-represented in his motions. His only argument in his Amended Motion to Vacate asserts that his guilty plea was involuntary because the Government agreed to allow him to plead to an "E" felony but the Plea Agreement that Mr. Burk signed provided he was pleading guilty to a "D" felony.[11] Mr. Burk's argument relates to the term of supervised release. He argues that when he agreed to plead guilty, he believes he could receive no more than two years of supervised release.[12]

At the change of plea hearing, the parties discussed the term of supervised release. The initial discussion on this topic was as follows:

> The Court: All right. So there is an agreement of a two-year supervised release and there's—is the Government's position, that that's the mandatory minimum under the statute, or up to life, or—Mr. Walker, what's your position on that?
>
> Mr. Walker: Your Honor, without researching it further, I wouldn't want to go beyond the terms of the agreement. Looks like when we drafted the Rule 11 agreement, our position was it was a mandatory minimum. Before committing to being absolutely sure, I would want to take another look at the statute, which I can do.
>
> The Court: I do think it's relevant because it's a recommendation from the parties, and it's necessary for Mr. Burk to understand. And I'm going to go over this with you in a bit here, sir, but the fact that the parties make a recommendation does not bind the Court. What does bind the Court is the

---

[10] Docket 221 at 14.

[11] Docket 235 at 1–2. In this amended motion, Mr. Burk stated he "would like to formally waive the original claim of ineffective assistance of counsel regarding his lawyer not presenting his mental health history for sentencing," which was the claim made in his original § 2255 petition. Docket 235 at 4.

[12] *See* 18 U.S.C. § 3583(b). Mr. Burk argues that if he had pleaded to this particular crime as an "E" felony instead of as a "D" felony, it would have had a supervised term of two years as both the maximum and the minimum. *See* Docket 235 at 3.

statute, and that's why I'm asking the lawyers what the statute provides.

At this point in the hearing, the Court took a recess so as to accord to the lawyers an opportunity to research the statute. Following that break, the discussion continued as follows:

> Mr. Walker: Your Honor, the short answer is Rule 11 agreement remains correct. I can explain a little bit why. In speaking with counsel and looking at 18 U.S.C. 3583, the general rule is that a Class D felony, which would include this offense, has a maximum supervised release period of three years. However, 21 U.S.C. 841(b)(1)(D), bravo and delta, has an exclusion from the general provision and reads that notwithstanding 18 U.S.C. 3583, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such prior conviction, meaning a prior drug conviction, impose a term of supervised release of at least two years—so that does correspond to the plea agreement—in addition to such term of imprisonment. And if there were an 853 prior conviction, then at least four years. So 21 U.S.C. 841 excepts convictions under that section from the general limitation. So two years is the mandatory minimum required under 21 U.S.C. 841 and it is also the parties' agreement.
>
> The Court: How do you get to the life that's in the plea agreement? Did I miss that? I'm looking at Page 6, Part 3, mandatory minimum of two years to life.
>
> Mr. Walker: Then that is certainly an error on Page 6. So with counsel's non-objection, the Court's permission, I'd move the Court strike the words "to life of supervised release" on Page 6.
>
> The Court: So mandatory minimum of two years up to—was it four years?
>
> Mr. Dieni: Three. I think three was without the 851, and they're not filing that. So yeah.
>
> The Court: So would you agree, Mr. Walker, it's a mandatory minimum of two years, up to three years of supervised release, is what the term would be?
>
> Mr. Walker: Agreed, Your Honor.
>
> The Court: Mr. Dieni, you agree?
>
> Mr. Dieni: Yes.

> The Court: So "to life" is replaced with "up to three years." Mr. Burk, do you understand all of that?
>
> The Defendant: Yes, ma'am.[13]

After this discussion, Mr. Burk pleaded guilty to Count 1 of the indictment on the record.[14]

In their written Plea Agreement, the parties agreed they would "both recommend a sentence of 60 months' imprisonment, to be followed by two years' supervised release." But at the change of plea hearing, the Court discussed with Mr. Burk and obtained his understanding that it was not bound to the recommendations of the parties.[15] The discussion on this topic was as follows:

> The Court: You also waive your right to appeal under this agreement. That means, as I was saying, if the Court were to impose a sentence that's different than what you are recommending—and here, it would only be either less than the Government and you are recommending on terms of the term of imprisonment, but it could be more on the term of supervised release. I simply don't know without having read the presentence report, and everything about you, and the facts of the case. But you couldn't appeal that so long as it was within the range that Congress has authorized for a court to do, even if you were dissatisfied with that. Questions about that?
>
> The Defendant: No, ma'am.
>
> …
>
> The Court: All right. And like I said before, and I'll repeat it again, though, you understand that even though the parties make a recommendation, the Court's not bound by that recommendation?
>
> The Defendant: Yes.[16]

The Court imposed a sentence of 60 months' imprisonment with three years of supervised

---

[13] Docket 221 at 12–14.

[14] *See* Docket 221 at 25.

[15] Docket 172 at 2.

[16] Docket 221 at 17–18, 21.

release.[17] Based on the plea colloquy, it was clear that before he pleaded guilty, Mr. Burk understood that the supervised release term under the statute was two to three years and the Court could impose a period of supervised release longer than the two-year recommendation of the parties set forth in the Plea Agreement. Accordingly, Mr. Burk's plea was knowingly and voluntarily made.

Mr. Burk cites to *Henderson v. Morgan* to support his argument.[18] In *Henderson*, the defendant was not informed that intent to cause the death of the victim was a necessary element of the offense to which he pleaded guilty.[19] The defendant collaterally attacked the judgment, stating his plea was not voluntarily entered into because had he known that intent was an element of the offense, he would not have pleaded guilty to the crime.[20] The Supreme Court held that "a plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense. And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"[21]

In this case, although the written Plea Agreement had the incorrect statutory period of supervised release, the parties researched the issue then corrected that the error at the change of plea hearing. Mr. Burk agreed he understood that the corrected statutory

---

[17] Docket 206 (J.) at 2.

[18] 426 U.S. 637 (1976).

[19] *Henderson*, 426 U.S. at 642–43.

[20] *Henderson*, 426 U.S. at 638.

[21] *Henderson*, 426 U.S. at 644–45 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)) (internal citations omitted).

range was two to three years. Moreover, the correction was beneficial to Mr. Burk because the maximum supervised release term stated in the Plea Agreement was life, which was corrected downward to three years. Accordingly, *Henderson* does not support Mr. Burk's argument.[22]

**CONCLUSION**

In light of the foregoing, IT IS ORDERED that Defendant Johnnylee Burk's Motion to Vacate at Docket 216 and Amended Motion to Vacate at 235 are DENIED. In light of the Court's determination on the merits of Mr. Burk's § 2255 motions, Mr. Burk's Motion to Take Notice of Filed Motions at Docket 240 is GRANTED.

The Clerk of Court is directed to send copies of all documents filed after Docket 233 to Mr. Burk, pursuant to his request at Docket 240. The Clerk of Court is also instructed to enter a final judgment consistent with this order.

The Court further finds that Mr. Burk has not made the requisite substantial showing for a Certificate of Appealability, and therefore a Certificate of Appealability will not be issued by this Court.[23]

DATED this 9th day of April, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] Mr. Burk also cites to *Garcia v. United States*. Docket 235 at 1. However, the Court was unable to locate the case.

[23] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).