UNITED STATES OF AMERICA,

                Plaintiff,

      v.

JOHNNYLEE PRESTON BURK,

                Defendant.

Case No. 3:15-cr-00088-SLG-3

## ORDER REGARDING AMENDED 28 U.S.C. § 2255 MOTION

Before the Court at Docket 295 is defendant Johnnylee Preston Burk's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Custody. At the Court's request, the government filed a limited response in opposition at Docket 297. Because the Court has previously denied a § 2255 motion from Mr. Burke in this case, the issue before the Court is whether the instant motion is a prohibited second or successive motion.

### I.    Procedural background

As noted by Mr. Burk's current counsel, "this case has had a very long and complex procedural history."[1] In March 2017, this Court sentenced Mr. Burk to 60 months imprisonment after he pleaded guilty to one count of Drug Conspiracy.[2] In September 2017, Mr. Burk first filed a *pro se* § 2255 motion alleging ineffective assistance of counsel

---

[1] Docket 293 at 1.

[2] Docket 206.

at sentencing.[3]  Mr. Burk specifically sought "the opportunity to present his mental health history in his PSR and sentencing . . . .  Defendant does not wish to withdraw his plea."[4]  CJA counsel later entered an appearance, but Mr. Burk elected to have counsel withdraw and to proceed *pro se.*[5]  The Court granted Mr. Burk's request.[6]  Mr. Burk filed a *pro se* amendment to his § 2255 motion, in which he "withdrew his original claim regarding previous counsels [sic] failure to present mental health history" and instead claimed "that his plea was involuntary in this case and therefore not valid."[7]  The government opposed the amended § 2255 motion.[8]  In 2018, this Court denied Mr. Burk's initial § 2255 motion and the amended § 2255 motion and denied a Certificate of Appealability, and a judgment was entered accordingly.[9]

The following month, Mr. Burk filed a motion to reconsider, which the Court denied.[10]  Mr. Burk then filed a "Motion Requesting Courts Re-Opening of § 2255."[11]  While that motion was pending, Mr. Burk filed an untimely notice of appeal.[12]  The Court denied the motion to reopen the § 2255 proceeding without prejudice to file such a motion

---

[3] Docket 216 at 4.

[4] Docket 216 at 13.

[5] Docket 219 (Appearance of Counsel); Docket 234 (Motion to Proceed *Pro Se*).

[6] Docket 236.

[7] Docket 235 at 1.

[8] Docket 239.

[9] Docket 241 (order); Docket 242 (judgment).

[10] Docket 243 (motion to reconsider); Docket 244 (order).

[11] Docket 245.

[12] Dockets 246, 247.

Case No. 3:15-cr-00088-SLG, *United States v. Burk*
Order Re Amended § 2255 Motion
Page 2 of 7
Case 3:15-cr-00088-SLG   Document 298   Filed 10/21/20   Page 2 of 7

in the Ninth Circuit Court of Appeals; the Court did allow Mr. Burk's belated notice of appeal.[13]  In September 2018, the Ninth Circuit denied a certificate of appealability because Mr. Burk made no "substantial showing of the denial of a constitutional right."[14]

In April 2020, Mr. Burk filed a *pro se* "Request for Counsel in Habeas Filing," asserting that he needed counsel due to "newly discovered evidence" related to his trial counsel's performance.[15]  The Court appointed counsel, and that counsel has filed the instant amended § 2255 motion.  In the amended § 2255 motion, Mr. Burk asserts that it is not a second or successive motion.[16]  The government responds that the amended petition "is a second or successive motion that must be certified by the Ninth Circuit pursuant to 28 U.S.C. § 2255(h)."[17]

## II.    Applicable law

28 U.S.C. § 2255(h) prohibits a "second or successive motion" unless such motion is certified by the Ninth Circuit to contain either

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral

---

[13] Docket 249.  Mr. Burk would later file a "Memorandum in Support" of his motion to re-open the § 2255 proceeding (Docket 251) and a motion requesting a ruling on the motion to re-open the proceeding (Docket 253).  Because the Court had denied the motion to re-open the proceeding six months earlier, it denied the motion for a ruling as moot (Docket 254).

[14] Docket 250.

[15] Docket 279.

[16] Docket 295 at 13–15.

[17] Docket 297 at 2.

Case 3:15-cr-00088-SLG   Document 298   Filed 10/21/20   Page 3 of 7

review by the Supreme Court, that was previously unavailable.

Thus, before a second or successive § 2255 motion may be considered by a district court, the defendant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[18] If Mr. Burk's amended § 2255 motion is a second or successive motion, this Court lacks jurisdiction to hear it absent that authorization.[19]

## III.     Application to Mr. Burk's case: The relation-back doctrine

Mr. Burk asserts that he does not need to seek an order from the Ninth Circuit because his amended § 2255 motion is simply an amendment to his 2017 *pro se* § 2255 motion and is not a second or successive motion.[20] He invokes Federal Rule of Civil Procedure 15(b)(2), which allows a party to "move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."[21] Mr. Burk maintains that his amended § 2255 motion "'relates back' to the original pleading . . . because, 'the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading.'"[22] Specifically, Mr. Burk contends that because his first § 2255 motion pleaded ineffective assistance of counsel, he can now amend his motion to include any claim of ineffective

---

[18] 28 U.S.C. § 2244(b)(3)(A).

[19] *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

[20] Docket 295 at 13.

[21] Docket 295 at 13.

[22] Docket 295 at 13 (quoting Fed. R. Civ. P. 15(c)(1)(B)).

Case No. 3:15-cr-00088-SLG, *United States v. Burk*
Order Re Amended § 2255 Motion
Page 4 of 7
Case 3:15-cr-00088-SLG   Document 298   Filed 10/21/20   Page 4 of 7

assistance of counsel, as that is "the same conduct set out in the original pleading."[23]

Mr. Burk's reasoning is incorrect for three reasons. First, because a final § 2255 judgment was entered in this case in April 2018, a Rule 15 motion to amend "can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."[24] Mr. Burk has not moved for relief pursuant to Rule 59, and any such motion would now be untimely because a Rule 59 motion "must be filed no later than 28 days after the entry of judgment."[25] A Rule 60 motion would be viewed skeptically, as the Ninth Circuit has warned that Rule 60 motions can themselves be disguised second or successive habeas motions, and has instructed that a Rule 60 motion "that does not attack the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions."[26]

Second, and relatedly, an "amended" § 2255 motion cannot relate back pursuant to Rule 15 to the original motion when the original motion has already been dismissed by the time the so-called "amendment" is filed.[27] Here, the original motion was decided, and

---

[23] Docket 295 at 13.

[24] *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996), *as amended* (Sept. 4, 1996); *see also Balbuena v. Sullivan*, 970 F.3d 1176, 1193 (9th Cir. 2020) (applying *Lindauer* to a habeas case and holding that "the district court could not apply Rule 15; instead, it could only consider [the petitioner's] new claim if it set aside its earlier judgment under Rule 60(b)").

[25] Fed. R. Civ. P. 59(e).

[26] *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (internal quotations omitted).

[27] *See Henry v. Lungren*, 164 F.3d 1240 (9th Cir. 1999) (holding that a second 28 U.S.C. § 2241 petition did not "relate back" to the date of the first petition pursuant to Rule 15 because the district court had already dismissed the first petition without expressly or impliedly retaining jurisdiction over the first petition). *See also Gomez v. Jaime*, Case No. CV19-00123-JGB, 2019

Case 3:15-cr-00088-SLG   Document 298   Filed 10/21/20   Page 5 of 7

judgment was entered, more than two years before the instant motion was filed. The Court did not "expressly or impliedly retain jurisdiction"[28] over the motion and it resolved all issues presented. Thus, there is no pending motion to which the instant motion could relate back or amend.

Third, even if Rule 15 were applicable, Mr. Burk reads Rule 15(c) too broadly. A second motion "relates back" to a first motion only if it is based "on the same core facts."[29] In his first motion, Mr. Burke alleged that trial counsel was ineffective for failing to prepare and present all of his mental health history for the PSR and sentencing, which he claimed would have resulted in a shorter sentence.[30] In his 2017 amendment to that motion, Mr. Burk formally waived that claim and instead claimed that his plea was made involuntarily

---

WL 2413310, at *3 (C.D. Cal. Apr. 19, 2019) ("It is long and well established in the Ninth Circuit that if a prior federal petition has been dismissed for lack of exhaustion and is no longer pending as of the date the second federal petition is filed, the relation back doctrine is inapplicable, as there is no 'pending' petition to which the second petition could relate back or which it could amend."); *Baiden v. United States*, Case No. CV501-025, 2012 WL 13089809, at *1 (S.D. Ga. Dec. 5, 2012) ("[A]ll the circuit courts that have addressed the issue have held that a habeas petition filed after a previous petition has been dismissed does not relate back to the earlier petition.").

This Court notes that most Rule 15 caselaw involves petitioners who are trying to avoid a statute of limitations bar by "relating back" their time-barred claims to claims that were timely filed but which are still pending. Although Mr. Burk's instant motion may also be time barred, he instead frames the issue as whether the motion is a second or successive motion. *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) ("[W]e hold that Rule 15(c)(2) applies to § 2255 petitions insofar as a District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief.").

[28] *Henry*, 164 F.3d at 1241.

[29] *Mayle v. Felix*, 454 U.S. 644, 656–57 (2005) (expressly rejecting as overly comprehensive and capacious the Ninth Circuit's allowance of any new claims stemming from the petitioner's trial, conviction, or sentence).

[30] Docket 216 at 4.

Case No. 3:15-cr-00088-SLG, *United States v. Burk*
Order Re Amended § 2255 Motion
Page 6 of 7

because he believed the maximum term of supervised release that the court could impose was two years, when in fact the Court imposed the maximum term of three years.[31]  Mr. Burk now alleges that trial counsel was ineffective for not advising that his conviction would count towards career-offender status, that trial counsel failed to raise a Fourth Amendment issue related to a search warrant, and that trial counsel failed to move to suppress recordings of Mr. Burk.[32]  These claims do not depend on the existence of "a common core of operative facts" and instead depend on events separate in "both time and type" from the original claims.[33]

### CONCLUSION

For the foregoing reasons, the Court concludes that Mr. Burk's instant motion is not an amended § 2255 motion; it is a second or successive motion for which he must seek an order from the Ninth Circuit.  As Mr. Burk has not obtained the Ninth Circuit's permission to file a second or successive petition, the motion at Docket 295 is DISMISSED for lack of jurisdiction.  IT IS SO ORDERED.

DATED this 21st day of October, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[31] Docket 235.

[32] Docket 295 at 6.

[33] *Mayle*, 545 at 657, 664.

Case No. 3:15-cr-00088-SLG, *United States v. Burk*
Order Re Amended § 2255 Motion
Page 7 of 7