# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>      v.<br><br>JOHNNYLEE BURK,<br><br>                         Defendant. | Case No. 3:15-cr-00088-03-SLG-MMS<br><br>**FINAL REPORT AND RECOMMENDATION RE PETITION TO REVOKE SUPERVISED RELEASE (DKT. 339)** |

## I.     Introduction

Following the September 2, 2022, evidentiary hearing on the petition to revoke supervised release at Docket 339, this court determined that the government had met its burden of demonstrating by a preponderance of the evidence that the defendant had committed the violation alleged in the petition at Docket 339. The court stated its reasons for so finding on the record.

## II.     Analysis

At the conclusion of the September 2 hearing, the defendant asked for, and was granted, the opportunity to file a post-hearing brief. Both the defendant and the government timely filed post hearing briefs at Dockets 364 and 362, respectively. In his post-hearing brief, the defendant makes the imaginative argument that his two supervision conditions that require drug testing are mutually limiting, not additive. The defendant does not dispute that he was ordered to "submit to one drug test within 15 days of release from imprisonment, and at least two periodic drug tests thereafter" (Dkt 206, 364). Further, he does not dispute that he was additionally required by Judge Gleason, as a condition of supervision, to submit "up to 12 urinalysis tests per month" (Dkt 206). The defendant argues that the first condition creates an upper limit to the number of tests that can be imposed within that 15-day window, stating without authority, that he may not be required to submit more than one test with the first 15 days of his supervision. Dkt 362.

This argument, while creative and earnestly made, is unavailing. There is nothing in these two testing requirements that indicates that they should not be read in the conjunctive. In other words, the first condition, that he submit to one drug test within 15 days of release creates a minimum, not a maximum, number of tests. The defendant cites

United States v. Garcia[1], apparently on the belief that it supports his argument. It does not. Garcia makes clear that the condition which requires "one drug test with 15 days of release from imprisonment and at least two periodic drug tests thereafter…" sets a minimum number of tests which may be required of a defendant. *Id*. at 860. Garcia goes on to state that a court may not delegate the authority to set a maximum number of tests to the probation officer. *Id*. Here, Judge Gleason did not delegate this authority to the probation officer, rather the special condition of supervision imposed by the court explicitly sets an upper limit of "up to 12 urinalysis tests per month". Dkt 206.

Moreover, as the government correctly observes, assuming *arguendo* that the defendant's position is correct, when a defendant agrees to conditions at the time of sentencing, he or she effectively waives any future arguments that the conditions are unconstitutional or violate statutory authority. United States v. Janko, 865 F. 2d 1246, 1247 (11th Cir. 1989).

### III. Conclusion

For the reasons set forth above, and on the record following the evidentiary hearing, this court makes the Report and Recommendation that the defendant be found in violation of the single allegation in the Petition for Warrant for Person Under Supervised Release (Dkt 339).

DATED at Anchorage, Alaska, this 20th day of September 2022.

/s/ *Matthew M. Scoble*
MATTHEW M. SCOBLE
Chief United States Magistrate Judge

---

[1] 522 F.3d 855 (9th Cir., 2008)