IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHNNY-LEE PRESTON BURK,<br><br>　　　　　　　　　　Defendant. | Case No. 3:15-cr-00088-JMK-MMS<br><br>**ORDER** |

Before the Court at Docket 372 is Defendant Johnny-Lee Burk's *pro se* filing entitled "Motion Requesting Court's Review of Detention" (the "Motion"). The Government did not respond to the Motion. In the Motion, Mr. Burk requests that this Court review Magistrate Judge Scoble's Detention Order and hold its own detention review hearing.[1] For the following reasons, Mr. Burk's Motion is DENIED.

## I. BACKGROUND

On March 28, 2017, the Court entered a Judgment after Mr. Burk pleaded guilty to one count of Drug Conspiracy in violation of 21 U.S.C. §§ 864, 841(a)(1) and (b)(1)(D).[2] The Court sentenced Mr. Burk to 60 months' imprisonment and three years of

---

[1] Docket 372 at 1–2.
[2] Docket 206 at 1.

supervised release.[3]  The Court's Judgment included Mandatory, Standard, and Special Conditions for his term of supervised release.[4]

On June 10, 2022, the Court held a Proposed Change of Plea and Bail Review Hearing, in a separate criminal action—*United States v. Burk*, 3:19-cr-00117-JMK.  At that hearing, Mr. Burk entered into a plea agreement with the Government, agreeing to plead guilty to Assault in violation of 18 U.S.C. § 111(a)(1), and the Court ordered Mr. Burk released pending imposition of his sentence in that case.[5]  Mr. Burk was released on June 13, 2022, on pretrial release in that case[6] and supervised release in this action.  On June 22, 2022, the United States Probation and Pretrial Services Office ("USPO") petitioned the Court for Action on Conditions of Pretrial Release, alleging that Mr. Burk violated his pretrial release conditions by cutting off his location monitoring equipment.[7]  On June 24, 2022, USPO petitioned the Court for a Warrant for Person Under Supervised Release, alleging that Mr. Burk had failed to report for a scheduled drug test pursuant to Special Condition No. 1 of his supervised release in this action.[8]  Arrest warrants were issued for Mr. Burk in both cases, and Mr. Burk was arrested on July 28, 2022.[9]

On August 3, 2022, Magistrate Judge Scoble held an Initial Appearance/ Detention Hearing and ordered Mr. Burk's temporary detention in both cases.[10]  On

---

[3]  Docket 206 at 2.
[4]  Docket 206 at 3–5.
[5]  *United States v. Burk*, 3:19-cr-00117-JMK-MMS, Dockets 415, 419.
[6]  *Id.*, Dockets 415, 417, 418.
[7]  *Id.*, Docket 423.
[8]  Docket 339.
[9]  Dockets 343, 374; *United States v. Burk,* 3:19-cr-00117-JMK-MMS, Dockets 424, 468.
[10]  Docket 347; *United States v. Burk,* 3:19-cr-00117-JMK -MMS, Docket 441.

*United States v. Burk*　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:15-cr-00088-JMK-MMS
Order　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 3:15-cr-00088-JMK-MMS   Document 378   Filed 11/01/22   Page 2 of 9

August 5, 2022, Magistrate Judge Scoble conducted a Bail Review Hearing in both cases.[11] Following that hearing, Magistrate Judge Scoble entered Orders of Detention Pending Hearing or Trial in both cases.[12] Mr. Burk then filed two motions requesting detention review in both cases.[13] On October 4, 2022, Magistrate Judge Scoble held another Detention Hearing in both cases and denied Mr. Burk's oral motion for release.[14] Mr. Burk thereafter filed the present motion, requesting that this Court review Magistrate Judge Scoble's Detention Orders in both cases.[15] On October 24, 2022, the Court issued an Order denying Mr. Burk's Motion Requesting Courts Review of Detention in *United States v. Burk,* 3:19-cr-00117-JMK.[16] Mr. Burk's Imposition of Sentence in that case is set for November 4, 2022.[17]

In this action, Magistrate Judge Scoble issued a Final Report and Recommendation at Docket 367 recommending the revocation of Mr. Burk's supervised release. The Court will issue its decision on Docket 367 in a separate order.

## II.  LEGAL STANDARD

Rule 32.1 of the Federal Rules of Criminal Procedure governs the process for revocation or modification of supervised release. Rule 32.1(a)(6) provides that a "magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Rule 32.1(a)(6) places the burden on the defendant moving for

---

[11] Dockets 350, *United States v. Burk,* 3:19-cr-00117-JMK-MMS Docket 442.
[12] Docket 443; *United States v. Burk,* 3:19-cr-00117-JMK-MMS, Docket 353.
[13] Dockets 354, 365; *United States v. Burk,* 3:19-cr-00117-JMK-MMS, Dockets 448, 457.
[14] Docket 369; *United States v. Burk,* 3:19-cr-00117-JMK-MMS, Docket 464.
[15] Docket 372; *United States v. Burk,* 3:19-cr-00117-JMK-MMS, Docket 467.
[16] *United States v. Burk,* 3:19-cr-00117-JMK-MMS, Docket 469.
[17] *Id.*, Docket 461.

*United States v. Burk*  Case No. 3:15-cr-00088-JMK-MMS
Order  Page 3
Case 3:15-cr-00088-JMK-MMS   Document 378   Filed 11/01/22   Page 3 of 9

release to prove by "clear and convincing evidence" that they "will not flee or pose a danger to any other person to the community[.]"[18]

A defendant may seek review of the detention order by the district court pursuant to 18 U.S.C. § 3145(b).[19] Section 3145(b) provides, "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." Under § 3145(b), a district court reviews a magistrate judge's detention determination *de novo*.[20] However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."[21] In conducting its review, there is no requirement that the district court hold a hearing.[22]

Under § 3145(c), a defendant who is detained pursuant to § 3143(a)(2) or (b)(2) could obtain release if the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released and if it is clearly shown that there are "exceptional reasons" why detention would not be appropriate.[23] The Ninth Circuit has found that the district court has authority to determine whether there are "exceptional reasons" warranting release under § 3145(c).[24]

---

[18] *See also United States v. Loya*, 23 F.2d 1529, 1530 (9th Cir. 1994).
[19] Although Mr. Burk did not explicitly invoke 18 U.S.C. § 3145(b), the Court construes his Motion as requesting district court review of Magistrate Judge Scoble's Detention Order.
[20] *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).
[21] *Id.* at 1193.
[22] *See id.* at 1193; *see also United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).
[23] 18 U.S.C. § 3145(c); 18 U.S.C. § 3143(a)(1), (b)(1).
[24] *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003).

*United States v. Burk* Case No. 3:15-cr-00088-JMK-MMS
Order Page 4
Case 3:15-cr-00088-JMK-MMS Document 378 Filed 11/01/22 Page 4 of 9

## III. DISCUSSION

On October 25, 2022, this action was transferred from The Honorable Sharon L. Gleason to this Court.[25] As the Court has already issued a separate order addressing Mr. Burk's concerns in *United States v. Burk*, 3:19-cr-00117-JMK, this Order shall pertain only to the Motion Requesting Courts Review of Detention lodged at Docket 372 in the above-captioned action.

This Court has independently reviewed the record, including: (1) Mr. Burk's Motion at Docket 365; (2) USPO's June 24, 2022, Petition for Warrant of Arrest for Person Under Supervision on Supervised Release; (3) the August 3, 2022, Initial Appearance on Petition for Warrant of Arrest for Person Under Supervision on Supervised Release/ Detention Hearing before Magistrate Judge Scoble; (4) the Order of Temporary Detention at Docket 348; (5) the August 5, 2022, Bail Review Hearing before Magistrate Judge Scoble; (6) the August 5, 2022 Order of Detention Pending Hearing or Trial at Docket 353; (7) the September 2, 2022, Evidentiary Hearing, which also addressed Mr. Burk's detention; (8) Mr. Burk's supplemental briefing titled "Letter Written By the Defendant" at Docket 364, which addressed his legal arguments opposing the alleged violation of supervised release and requested release; (9) the October 4, 2022, Bail Review Hearing before Magistrate Judge Scoble; and (10) Defendant's Notice of Release Plan for Hearing at Docket 376. The Court concludes that a hearing before the district court is unnecessary to a determination regarding the appropriateness of continuing detention.

---

[25] Docket 375 (all further captions and citations this case shall reflect the new case number 3:15-cr-00088-JMK-MMS).

*United States v. Burk*                                Case No. 3:15-cr-00088-JMK-MMS
Order                                                                                      Page 5
Case 3:15-cr-00088-JMK-MMS    Document 378    Filed 11/01/22    Page 5 of 9

In this case, Mr. Burk began supervised release on June 13, 2022, subject to Mandatory, Standard, and Special Conditions of Supervision.[26] Nine days later, on June 22, 2022, Mr. Burk allegedly violated a Special Condition of Supervision that required him to "submit up to 12 urinalysis tests per month" by not appearing for a scheduled urinalysis test appointment.[27] From the Court's review, it is clear that Mr. Burk strongly argues against the legality of the alleged supervised release violation as he reads the language of the Special Condition No. 1, and further, raises questions about his Fourth Amendment rights. However, that fact-finding and legal analysis is not the question before the Court, and will be addressed in a separate order upon a complete review of the Final Report and Recommendation Re: Petition to Revoke Supervised Release. Rather, for the purposes of this Order, the Court must address whether Mr. Burk met his burden "of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community[.]"[28]

Mr. Burk has not presented sufficient evidence or argument that satisfies his burden of establishing that he will not flee or pose a danger to another person or the community. At the September 2, 2022, hearing, Mr. Burk requested that detention be addressed, but admitted he was not properly prepared to present a complete proposal to Magistrate Judge Scoble. Magistrate Judge Scoble permitted Mr. Burk to submit supplemental briefing on both his legal arguments and detention proposal. However,

---

[26] Docket 339 at 1.
[27] *Id.* at 1–2.
[28] Fed. R. Civ. P. 32.1(a)(6).

*United States v. Burk*     Case No. 3:15-cr-00088-JMK-MMS
Order     Page 6
Case 3:15-cr-00088-JMK-MMS    Document 378    Filed 11/01/22    Page 6 of 9

Mr. Burk's briefing at Docket 364 focuses almost exclusively on his legal argument related to Special Condition No. 1. Mr. Burk addresses his detention only briefly, stating:

> First and foremost, I wish to be honest with this Court and admit, as man with integrity, that on a personal level, I can completely understand that I am now facing a violation here, regardless of the legal dynamics and controlling law, due to my performance being less than was generally accepted by the Court, since typically a person is usually supposed to submit to drug testing upon the P.O.'s request, along with the fact that I allegedly cut off my E.M. in violation of my release conditions. All in all I can admit to the Court that my behavior as a whole was unacceptable while on release.

The Court appreciates Mr. Burk's candor and reflection on his behavior. However, Mr. Burk did not provide a proposal or any other evidence for the Court to consider to show that he will not flee or pose a danger to other people or the community.

At the October 4, 2022 hearing, Mr. Burk presented a detailed release plan to Magistrate Judge Scoble, requesting to be released to live with his uncle with an ankle monitor, an 8:00 p.m. curfew, a one week deadline to conduct an initial drug and alcohol assessment, and a commitment to engage in any recommended treatment. This release plan is substantially similar to Mr. Burk's prior set of supervised release conditions. In fact, this plan requests additional leniency, because home confinement was purportedly too restrictive for Mr. Burk, making it difficult for him to schedule his time and comply with the Court's conditions. Mr. Burk has made no showing that additional leniency would lead to greater compliance with the Court's orders. Upon this Court's review of the record and given Mr. Burk's history of noncompliance with this Court's orders, his criminal history,

and his history of substance abuse, the Court finds that detention during this revocation proceeding is appropriate.[29]

18 U.S.C. § 3145(c) requires a defendant to show "exceptional reasons" for his release pending appeal. "Exceptional reasons" means "any truly unusual factors or combination of factors" that would render it unreasonable to incarcerate the defendant.[30] "Hardships that commonly result from imprisonment" or release with conditions do not meet the high threshold for "exceptional reasons."[31] Further in the context of a revocation proceeding, the Ninth Circuit has held that "exceptional circumstances" such as: "(1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal" must be demonstrated.[32] Mr. Burk did not identify any such exceptional reasons or circumstances in hearings before Magistrate Judge Scoble or in the present Motion.[33]

## IV. CONCLUSION

Having reviewed Magistrate Judge Scoble's Detention Order at Docket 353 and his ruling on October 4, 2022, *de novo*, this Court cannot find by clear and convincing

---

[29] On October 28, 2022, Mr. Burk submitted Defendant's Notice of Release Plan for Hearing at Docket 376. The Court has reviewed Mr. Burk's Notice, which provides the Court with an outline of his preferred release conditions and plans, in anticipation of his sentencing on November 4, 2022. The Court finds that the information contained in the Notice does not alter the Court's detention review analysis, but will consider Defendant's Notice of Release Plan in preparation for the sentencing hearing on November 4, 2022.
[30] *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003).
[31] *See Garcia,* 340 F.3d at 1022.
[32] *United States v. Bell*, 820 F.2d 980, 981 (9th Cir. 1987).
[33] *See* Docket 372.

*United States v. Burk*     Case No. 3:15-cr-00088-JMK-MMS
Order     Page 8
Case 3:15-cr-00088-JMK-MMS   Document 378   Filed 11/01/22   Page 8 of 9

that Mr. Burk is not likely to flee or pose a danger to the community. The Court also finds that there are no release conditions that could reasonably assure the appearance of Mr. Burk or the safety of the community. Accordingly, IT IS ORDERED that the Motion at Docket 372 is DENIED, and Magistrate Judge Scoble's detention order at Docket 353 remains in full force and effect.

IT IS SO ORDERED this 1st day of November, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge