IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNNY-LEE PRESTON BURK,<br><br>Defendant. | Case No. 3:15-cr-00088-JMK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court at Docket 339 is a Petition for Warrant for Person Under Supervised Release (the "Petition"). The Petition was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 367, Judge Scoble issued his Final Report and Recommendation, in which he recommended that Mr. Burk be found in violation of the single allegation in the Petition. Mr. Burk filed objections at Docket 373. The Government did not respond.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified

---

[1] 28 U.S.C. § 636(b)(1)(C).

proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

Mr. Burk's objections are divided into three sub-arguments. First, Mr. Burk argues he only was required to submit to one drug test within the first 15 days of supervised release pursuant to 18 U.S.C. § 3583(d), thusly making his second and third tests outside of the probation officer's authority.[4] Second, Mr. Burk asserts his current challenge to the Petition to Revoke Supervised Release does not negate or alter Special Condition #1.[5] Lastly, Mr. Burk argues that *United States v. Garcia*, 522 F.3d 855 (9th Cir. 2008), supports his interpretation of § 3583(d).[6]

The applicable statutory language of 18 U.S.C. § 3583(d) states:

> The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2

---

[2] *Id.*
[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[4] Docket 373 at 1–3.
[5] *Id.* at 4. Mr. Burk's second point heading states "Burk was not required to object to the court[']s imposition of him having to take up to 12 drug tests (maximum) a month[.]" Docket 373 at 4. Mr. Burk clarifies that he does not object to the imposition of Special Condition #1, but rather its application during his period of supervised release. The Court interprets Mr. Burk's point heading in the context of *United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008) (reviewing a drug testing condition under a plain error standard of review, because of the lack of objection at sentencing). This standard of review does not apply to Mr. Burk's argument in this procedural context.
[6] *Id.* at 4–5.

*United States v. Burk* Case No. 3:15-cr-00088-JMK-MMS
Order Adopting Report and Recommendation Page 2
Case 3:15-cr-00088-JMK-MMS    Document 379    Filed 11/03/22    Page 2 of 6

> periodic drug tests thereafter (as determined by the court) for use of a controlled substance.

Thus, Section 3583(d) sets a statutory minimum for drug testing a defendant on supervised release. In *United States v. Garcia*, the Ninth Circuit examined whether a district court committed plain error by failing to explicitly set a maximum number of non-treatment related drug tests for a defendant as a condition of supervised release.[7] Unequivocally, the Ninth Circuit held "that district courts that seek to impose more than the statutory minimum of three drug tests must explicitly do so at sentencing."[8]

There is no ambiguity in supervised release conditions set by the court. By statute, the sentencing court must impose one drug test to be performed within 15 days of release and two subsequent tests.[9] Judge Gleason did so in Mandatory Condition #3, which provides, "[y]ou must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court."[10] Judge Gleason also adopted Special Condition #1 as part of her sentence, which requires that "[i]n addition to urinalysis testing that may be part of a formal drug program, the defendant shall submit up to 12 urinalysis tests per month."[11] Therefore, Mandatory Condition #3 satisfies the statutory minimum set by § 3583(d) and Special Condition #1 sets a non-treatment maximum in accordance with *United States v. Garcia* and *United States v. Stephens*.[12]

---

[7] 522 F.3d 855 (9th Cir. 2008).
[8] *Id.* at 861.
[9] *See* 18 U.S.C. § 3583(d).
[10] Docket 206 at 3.
[11] *Id.* at 5.
[12] *Garcia*, 522 F.3d at 861; *United States v. Stephens*, 424 F.3d 876, 883 (9th Cir. 2005) (holding that a district court erred when it failed to state the maximum number of non-treatment drug tests a probation officer could impose and impermissibly delegated the district court's

The Court finds that Mr. Burk's argument regarding the propriety of his third scheduled drug test lacks merit. Special Condition #1, in accordance with § 3583(d) and the Ninth Circuit precedent, specifically states "the defendant shall submit up to 12 urinalysis a month."[13] Mr. Burk contends that: (1) he fulfilled the statutory requirement of one test within the first 15 days; (2) his second test on day six of supervised release was "excessive and outside of the P.O.s authority[;]" and (3) therefore, his third test is invalid and illegal and the illegality of this test nullifies his alleged violation of supervised release.[14] The Court notes that Mr. Burk's legal argument is both novel and creative. However, Mr. Burk advances a statutory interpretation that is untethered to the language of the statute, not supported by controlling precedent, and logically is inconsistent with the purpose of supervised release.

First, the plain language of § 3583(d) neither implies nor supports that only one test may occur during the first 15 days of supervised release. Second, Section 3583(d) requires "at least two periodic tests thereafter (as determined by the court) for use of a controlled substance." This language permits a sentencing court to subject a defendant to periodic testing after the first test. The statute also sets a minimum for testing that could be—and was—increased by Judge Gleason.

---

statutory duty to a probation officer); *see also United States v. Smith*, 561 F.3d 934, 942 (9th Cir. 2009) (remanding for resentencing a defendant's conditions of supervised release, because the district court did not state the maximum number of drug tests defendant was required to take).

[13] Docket 206 at 5.
[14] Docket 373 at 2–4.

*United States v. Burk*     Case No. 3:15-cr-00088-JMK-MMS
Order Adopting Report and Recommendation     Page 4
Case 3:15-cr-00088-JMK-MMS   Document 379   Filed 11/03/22   Page 4 of 6

Furthermore, in *Garcia*, the Ninth Circuit re-confirmed its holding in *United States v. Stephens*—that a sentencing court has "the responsibility of stating the maximum number of tests to be performed or to set a range for the permissible number of tests."[15] Applying that holding and in light of the Government's concession to that specific defendant, the Ninth Circuit instructed the defendant's condition was implicitly limited to three tests in accordance with § 3583(d).[16] Mr. Burk focuses on a single sentence of the Ninth Circuit's application of that principle: "[Defendant] must submit to at least and at most 'one drug test within 15 days of release from imprisonment and . . . two periodic drug tests thereafter.'"[17] However, Mr. Burk ignores the next two sentences: "Should the probation office believe more drug tests are necessary, it would have to request a modification from the district court. Any such modification would of course have to comply with *Stephens*."[18] The Ninth Circuit did not comment on the timing of those tests. Placed in proper context, *Garcia* does not support Mr. Burk's argument.

Lastly, as a practical matter, Mr. Burk's argument creates an unworkable supervisory scheme. Mr. Burk asserts that his first test, taken upon reporting to the probation office on the first day of his release, entitled him to a 14-day "grace period" from drug testing. If this statutory interpretation and logic applied, this would send a message to all defendants on supervised release that, after an initial drug test, they can freely use controlled substances without risk of testing until their "grace periods" expire. This does

---

[15] *Garcia*, 522 F.3d at 861; quoting *Stephens*, 424 F.3d at 883.
[16] *Garcia*, 522 F.3d at 861.
[17] *Id.*
[18] *Id.*

not logically comport with the intent of supervised release or § 3583(d), which mandates urinalysis drug testing. As Magistrate Judge Scoble reasoned during the September 2, 2022 Evidentiary Hearing, Special Condition #1 requires that Mr. Burk "shall submit" to testing. This requires Mr. Burk to submit to urinalysis testing as mandated by statute and the Judgment in this case at the direction of a probation officer.

Magistrate Judge Scoble recommended that that Mr. Burk be found in violation of the single allegation in the Petition for Warrant for Person Under Supervised Release. The Court has reviewed the September 2, 2022, Evidentiary Hearing and the Final Report and Recommendation and agrees with its analysis. 18 U.S.C. § 3583(g)(3) mandates that a district court "shall revoke" a defendant's term of supervised release for refusal to comply with drug testing as an imposed condition of supervised release. Accordingly, the Court adopts the Final Report and Recommendation at Docket 339, and IT IS ORDERED that Mr. Burk's Supervised Release is REVOKED. Mr. Burk currently has an imposition of sentence set for November 4, 2022, at 2:30 p.m.

IT IS SO ORDERED this 3rd day of November, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. Burk*     Case No. 3:15-cr-00088-JMK-MMS
Order Adopting Report and Recommendation     Page 6
Case 3:15-cr-00088-JMK-MMS    Document 379    Filed 11/03/22    Page 6 of 6