# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>           v.<br><br>JOHNNYLEE PRESTON BURK,<br><br>                  Defendant. | Case No. 3:15-cr-00088-SLG<br><br>Case No. 3:19-cr-00117-SLG |

### ORDER RE DEFENDANT'S MOTIONS REQUESTING JUDICIAL NOTICE OF COURT'S RECORD AND TERMS OF PLEA AGREEMENT IN 3:19-cr-00017-SLG

Before the Court are Mr. Burk's pending motions:

1. Motion Requesting Expedited Order for Time Accounting by BOP and Clarification of Sentence; Docket 383 in Case No. 3:15-cr-00088-SLG and Docket 475 in Case No. 3:19-cr-00117-SLG. The Government filed a response in opposition at Docket 391 in Case No. 3:15-cr-00088-SLG and at Docket 484 in Case No. 3:19-cr-001117-SLG.

2. Supplemental Motion for Expedited and Emergency Hearing and Notice of Breach of Agreement; Docket 384 in Case No. 3:15-cr-00088-SLG and Docket 476 in Case No. 3:19-cr-00117-SLG. The Government filed a response in opposition at Docket 391 in Case No. 3:15-cr-00088-SLG and at Docket 484 in Case No. 3:19-cr-001117-SLG.

3. Petition for Writ of Habeas Corpus; Docket 395 in Case No. 3:15-cr-00088-SLG and Docket 488 in Case No. 3:19-cr-00117-SLG. Mr. Burk also filed

Defendant's Supplemental Habeas Corpus at Docket 490. The Government did not file a response to the petition.

4. Defendant's Request for Emergency and/or Expedited Action; Docket 399 in Case No. 3:15-cr-00088-SLG and Docket 493 in Case No. 3:19-cr-00117-SLG.

The filings all relate to Mr. Burk's assertion that the time he spent in custody from the date of his most recent arrest on July 28, 2022, until the present, should be credited against the five-month sentence he received in November 2022 in Case No. 3:15-cr-00088-SLG, and as such, he should no longer be in custody as more than five months have elapsed since July 28, 2022.

A review of the record indicates that Mr. Burk appeared for a change of plea hearing in Case No. 3:19-cr-00117 on June 10, 2022. In the plea agreement he reached with the government, the parties agreed to "a sentence of time served."[1] And Mr. Burk acknowledged in the agreement that it would "be his burden to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger if he wishes to be released pending sentencing."[2] At the change of plea hearing, the judge informed both parties that he would "decide at sentencing whether

---

[1] Docket 419 at 1.

[2] Docket 419 at 11.

Case No. 3:15-cr-00088-SLG and 3:19-cr-00117-SLG, *USA v. Burk*
Order re Pending Motions
Page 2 of 6
Case 3:15-cr-00088-SLG   Document 401   Filed 02/17/23   Page 2 of 6

or not to accept the terms of the agreement."[3] After Mr. Burk pleaded guilty and the Court accepted the plea (but not the plea agreement at that time), the June 10 hearing proceeded directly into a bail review hearing. The Court then stated, "given that the guilty plea itself, what was contemplated as a time-served offer, I recognize that any time he serves between now and his sentencing is in excess of what was the contemplated bargain here."[4] Nonetheless, the probation officer recommended that Mr. Burk remain in custody until sentencing. But both Mr. Burk and Mr. Heritage stressed how much incentive Mr. Burk had to remain out of custody by remaining in full compliance with the conditions of release. Their extensive comments on the record at that hearing reflect a clear understanding that a violation of the conditions of release could result in Mr. Burk being detained in the 2019 case until the sentencing hearing. And while the hearing took place on a Friday, Mr. Burk was not released until the following Monday. It was also made clear to Mr. Burk at the hearing that if he violated the conditions of release, or refused to sign the conditions of release, he would be returned to custody.[5] The Order Setting Conditions of Release in the 2019 case was filed on June 16, 2022, with Mr. Burk's signature on it. The release order contained numerous conditions of release, including GPS monitoring and home detention. Mr. Burk signed the page of the release order in which he

---

[3] Docket 492 at 19.

[4] Docket 492 at 27.

[5] Docket 492 at 45, 15-16.

Case No. 3:15-cr-00088-SLG and 3:19-cr-00117-SLG, *USA v. Burk*
Order re Pending Motions
Page 3 of 6
Case 3:15-cr-00088-SLG   Document 401   Filed 02/17/23   Page 3 of 6

acknowledged that he was aware of the conditions of release, which included the advisement that "[v]iolating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, . . . and could result in imprisonment, a fine or both."[6]

Less than one week later, on June 22, 2022, U.S. Probation filed a petition for action on the conditions of pretrial release; Probation sought a warrant for Mr. Burk's arrest in the 2019 case based on a report of tampering with the GPS monitor and the inability to reach Mr. Burk. An arrest warrant was issued later that day in the 2019 case. Mr. Burk was subsequently arrested on that warrant on July 28, 2022. A detention hearing was held in both the 2015 and 2019 cases on August 5, 2022, at which Mr. Burk's oral motion for release was denied. The Court issued an order of detention in the 2019 case, ordering Mr. Burk to be held in that case, noting that "[w]hile on pretrial release defendant cut off electronic monitoring device."[7]

Mr. Burk remained in custody until his sentencing hearing on November 4, 2022. At that hearing, the Court accepted the terms of the parties' plea agreement and imposed a time-served sentence in the 2019 case, and five months imprisonment in the 2015 case. And the record makes clear that the 2015 term of imprisonment

---

[6] Docket 421 at 4.

[7] Docket 443 at 3.

Case No. 3:15-cr-00088-SLG and 3:19-cr-00117-SLG, *USA v. Burk*
Order re Pending Motions
Page 4 of 6
Case 3:15-cr-00088-SLG   Document 401   Filed 02/17/23   Page 4 of 6

was to be served consecutive to the 2019 sentence.[8]

An arrest warrant was also issued in the 2015 case on June 27, 2022, alleging that Mr. Burk had violated a condition of supervised release in that case by failing to report for a scheduled drug test on June 22, 2022.[9] After Mr. Burk's arrest in late July 2022, an order of detention was also entered in that case.[10] Mr. Burk contested the alleged violation in that case, but was unsuccessful.

Mr. Burk now argues he was time served in the 2019 case as of June 10, 2022, and therefore the time he has spent in custody since his arrest in July 2022 should all have been credited to his 2015 five-month sentence, which then would have ended on or about December 26, 2022.

Mr. Burk's recent contentions are without merit. Mr. Burk appears to contend that he received a time-served sentence in June 2022 despite the fact that he was not sentenced until five months later and promptly violated the conditions of his release pending sentencing when he cut off the GPS monitor. The parties agreed, and the Court imposed, a time-served sentence at the time of sentencing. The judge's remarks at the change of plea hearing that he interpreted the parties' contemplated bargain to encompass no additional time to serve after June 10, 2022,

---

[8] Docket 484-1 at 30.

[9] Docket s339, 343.

[10] Docket 353.

Case No. 3:15-cr-00088-SLG and 3:19-cr-00117-SLG, *USA v. Burk*
Order re Pending Motions
Page 5 of 6
Case 3:15-cr-00088-SLG   Document 401   Filed 02/17/23   Page 5 of 6

when read in the context of all of the parties' remarks, was clearly conditioned on Mr. Burk remaining in compliance with his conditions of release until sentencing. And indeed, had Mr. Burk remained in compliance with his conditions of pretrial release in the 2019 case, he would have remained out of custody in that case pending sentencing. But he promptly violated the conditions of his release, and hence was remanded back into custody in July 2022 in the 2019 case. He received the terms of his plea agreement bargain at sentencing in November 2022, when the time-served sentence was imposed in that case.

For the foregoing reasons, all pending motions are denied in both cases.

DATED this 17th day of February, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00088-SLG and 3:19-cr-00117-SLG, *USA v. Burk*
Order re Pending Motions
Page 6 of 6
Case 3:15-cr-00088-SLG   Document 401   Filed 02/17/23   Page 6 of 6